Orlando NAPOLITANO, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

John F. DiRAFFAELE, Defendant,
Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 6389, 6414.

United States Court of Appeals
First Circuit.

Heard Dec. 9, 1964.

Decided Jan. 8, 1965.

Joseph J. Balliro, Boston, Mass., for Orlando Napolitano, appellant.

Richard M. Dray, Hyde Park, Mass., for John F. DiRaffaele, appellant.

Paul F. Markham, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, ALDRICH, Circuit Judge, and WYZANSKI, District Judge.

ALDRICH, Chief Judge.

The defendants were convicted on a three-count indictment. Count 1 charged that defendant Napolitano on January 13, 1964 sent in interstate commerce from Portland, Maine to Boston, Massachusetts certain records, slips, etc. for use in a numbers or similar game, in violation of 18 U.S.C. § 1953. Count 2 charged that defendant DiRaffaele, on the same occasion, transported the records and slips, in violation of the same statute. Count 3 charged that the defendants jointly conspired, between the dates of December 16, 1963 and January 13, 1964 to carry and send such records and slips in interstate commerce, in violation of 18 U.S.C. § 371. They appeal from concurrent sentences.

The evidence, all of which was introduced by the government, was as follows. Napolitano was a resident of Portland, Maine. DiRaffaele was a truck driver employed by Railway Express Agency to drive its route between Portland and Boston. "On seven different days between December 16, 1963 and January 13, 1964 an automobile either driven by Napolitano or in which he was a passenger was approached by DiRaffaele in the vicinity of the Railway Express Agency yard in

Portland, Maine."[1] On the last day, January 13, Napolitano drove his car into the Portland yard. A passenger handed DiRaffaele a brown envelope. On four previous days DiRaffaele had also received an envelope or packet from Napolitano's car. On the 13th, on DiRaffaele's arrival in Boston, a brown envelope was found in his possession. It contained 45 betting slips. One bore Napolitano's fingerprints, On this evidence a conviction of both defendants was amply warranted.[2]

The defendants moved to suppress the envelope and its contents on the ground that the warrant pursuant to which it was seized was obtained on an insufficient affidavit. This case is one of a series recently coming before us in which defendants have had exaggerated notions of what was required to constitute a showing of probable cause. What we have said before need not be repeated. The only new point suggested by these defendants is that it was improper for affiant to endorse an informant on the basis of statements by other government investigators, and hence hearsay. This point has no possible merit when, in addition, affiant asserted corroborating personal experience attesting the informant's reliability. Rugendorf v. United States, 1964, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887.

Defendants make a number of contentions about the overt acts alleged in the conspiracy count. We find them without merit. At the same time we remark that since the failure to specify any particular piece of conduct as an overt act does not prevent proof thereof, Finley v. United States, 5 Cir.,1959, 271 F.2d 777, cert. den. 362 U.S. 979, 80 S.Ct. 1065, 4 L.Ed.2d 1014; United States v. Negro, 2 Cir.,1947, 164 F.2d 168; Culp v. United States, 8 Cir.,1942, 131 F.2d 93, 100, the government might have avoided some of the arguments which have been advanced here and below by taking care not to allege marginal acts in the indictment.

Of the defendants' remaining contentions, only one calls for comment. Napolitano asserts that the government had no right, in connection with his being admitted to bail,[3] to take his fingerprints and thereafter use such prints as a standard for expert testimony identifying his prints on one of the number slips. This is without merit. Taking of fingerprints in such circumstances is universally standard procedure, and no violation of constitutional rights. United States v. Krapf, 3 Cir., 1961, 285 F.2d 647; United States v. Iacullo, 7 Cir., 1955, 226 F.2d 788, cert. den. 350 U.S. 966, 76 S.Ct. 435, 100 L.Ed. 839. Defendant's cases, where the fingerprints were taken during a period of illegal detention, are obviously distinguishable.

Judgment will be entered in each case affirming the judgment of the District Court.

1. Quotation taken from defendants' brief. Exposition of the details is unnecessary.

2. With respect to the substantive count against Napolitano the court apparently directed the jury to consider only the evidence relating to January 13. The defendant argues this evidence was insufficient to convict. A similar limitation was not applied to the conspiracy count. In view of the concurrency of the two sentences special consideration of the substantive count is unnecessary. O'Malley v. United States, 1 Cir., 1955, 227 F.2d 332, cert. den. 350 U.S. 966, 76 S.Ct. 434, 100 L.Ed. 838; Deacon v. United States, 1 Cir., 1941, 124 F.2d 352.

3. Napolitano, properly, does not rely upon the circumstance that his fingerprints were taken by the marshal immediately after he was bailed rather than immediately before. The timing was a mere matter of administrative convenience.