**In re John M. REARDON.**
**Misc. No. 477.**

United States Court of Appeals,
First Circuit.

Submitted May 29, 1971.

Decided June 10, 1971.

Francis J. DiMento and DiMento & Sullivan, Boston, Mass., on motion for leave to file a petition for a writ of mandamus.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

The petition for a writ of mandamus or prohibition, sought to be filed with accompanying brief, is refused filing. Defendant, indicted for theft of cartons of merchandise from an interstate shipment, asks extraordinary review of an order of the district court requiring him to have his palmprint taken. Correctly, he does not claim invasion of any Fifth Amendment rights, and seemingly he agrees, again correctly, that the palmprint might have been taken when he was arrested or arraigned. Seemingly, also, he would distinguish an order of the district court made during the course of trial, as he is careful to limit his objection to the time of the order, as being in the nature of improper pretrial discovery.

 The grounds for this objection are frivolous. In the first place, extensive argument is made that the magistrate had no power to make the order, qua magistrate. This question is not presented, since the order was affirmed by the district court.

Secondly, defendant argues that the prosecution's evidence cannot be obtained by an administrative summons, such as a tax summons. Again, no comment is called for.

Thirdly, defendant would distinguish the case of United States v. Izzi, 2 Cir., 1970, 427 F.2d 293, where a defendant was "required" to execute pretrial handwriting exemplars as "not helpful" because it did not appear in the opinion that this requirement was over the defendant's objection.

Finally, defendant suggests that the government should be obliged to persuade the court that the evidence is needed "in the sense that, without it, the prosecution would probably fail." No authority is given for such a limitation. The government's affidavit states that "there now exists certain physical evidence containing a defined latent palmprint of value. Identification of that palmprint is material to the government's proof." We consider that sufficient. Defendant can take nothing from the fact that palmprints are not listed in the Criminal Discovery and Inspection Rule 16, 18 U.S.C. We find it inherent in cases holding that the defendant is not protected by the Fifth Amendment from furnishing the government certain physical identifications, *see, e. g.,* Napolitano v. United States, 1 Cir., 1965, 340 F.2d 313 (fingerprints); United States v. Kelly, 2 Cir., 1932, 55 F.2d 67 (fingerprints), that no rule is needed for the government's assistance in this case.

Upon defendant's failure to comply with the court's order his bail will be revoked.