UNITED STATES of America, Appellee,

v.

John F. DRISCOLL, Defendant-Appellant.

No. 71–1076.

United States Court of Appeals, First Circuit.

Oct. 12, 1971.

Francis J. DiMento, Boston, Mass., with whom DiMento & Sullivan and Thomas C. Cameron, Boston, Mass., were on brief, for appellant.

William A. Brown, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., and James B. Krasnoo, Asst. U. S. Atty., were on brief, for appellee.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

Defendant appeals from his conviction on two counts of a three count indictment. The first count charges him as an accessory to an attempt to smuggle aliens into the United States in violation of 8 U.S.C. § 1324(a) (1970). The second count was withdrawn at trial. The third count charges conspiracy to commit the above offense in violation of 18 U.S.C. § 371 (1970). For reasons set forth below we reverse the conviction on the conspiracy count and affirm on the substantive count.

On October 23, 1968, one Fontes consulted the defendant, an attorney with a substantial immigration practice, about obtaining a bond covering the admission of Fontes' relatives—citizens of Portugal residing in Canada—into the United States on visitors' visas. The purpose of the bond was to insure that the visitors depart from the United States upon the expiration of their visas. Defendant advised Fontes to go to the Immigration Service office in Boston himself and execute the bond since this was a routine

matter. For reasons not relevant here, the authorization for the bonds was withdrawn by the American Consul in Montreal while Fontes was at the Immigration office. As Fontes was returning to the defendant's law office, the two met on the street and went together to the Immigration office. There the defendant conferred with the Deputy District Director in an unsuccessful attempt to have the decision reversed. This was alleged as overt act number two of the conspiracy count.

Two days later the defendant spoke with one Konstantakis, a Greek-born citizen of Canada, who had entered the United States in 1967. Konstantakis had previously retained the defendant for the purpose of becoming a permanent resident. Defendant told Konstantakis that he wanted to get two men down from Canada without a border inspection. The latter replied that he had heard of people in Canada who get paid for doing such things and that he would try to get more information and call him back. This is alleged as overt act number one of the conspiracy count.

There was testimony of a subsequent conversation between the defendant and Konstantakis during which the figure of $800 was mentioned in connection with bringing the two aliens into the United States. Konstantakis testified that defendant said $800 was a lot of money but that he would have Fontes call Konstantakis to make the arrangements directly. This was alleged as overt act number three. Subsequently Konstantakis decided to use two local people at a cost of $250. Shortly thereafter, these people, together with the aliens, were detected crossing the border and were arrested.

While the smuggling was in progress defendant called Konstantakis to discuss the price. The defendant asserted that it was during this conversation that he first learned that smuggling was involved, having previously thought that Konstantakis knew people in the consul's office in Canada and would use his influence there to reverse the decision denying the visas. Defendant also asserted that he told Konstantakis to stop the smuggling because it could do no good for the aliens to enter that way, but when informed that the four men were already on their way down, he instructed Konstantakis to call when they arrived.

 Defendant alleges that it was error to permit the prosecutor to cross-examine him and to argue to the jury his failure to alert the authorities, at least anonymously, that two aliens would attempt to cross the border. The defendant was under no duty to inform the authorities. *See* Scales v. United State, 367 U.S. 203, 227–228, 81 S.Ct. 1469, 6 L.Ed.2d 782 (1961); United States v. Dellaro, 99 F.2d 781, 783 (2d Cir. 1938); Boyett v. United States, 48 F.2d 482 (5th Cir. 1931). This cross-examination and argument were proper, however, as tending to impeach defendant's testimony that he acted in good faith.

 Defendant's next argument as to the propriety of the instructions on aiding and abetting is clearly without merit. The basic elements of the district court's instructions are found in 1 Devitt and Blackmar, Federal Jury Practice and Instructions §§ 11.06–11.12 (1970 ed.) and have been approved in many cases, including Nye & Nissen v. United States, 336 U.S. 613, 618–619, 69 S.Ct. 766, 93 L.Ed. 919 (1949) upon which defendant relies. Finally, there was sufficient evidence adduced to justify the use of an "agency" instruction.[1]

---

1. While the Court in Nye & Nissen did not specifically address itself to "agency" instructions, it said:

 "In Pinkerton v. United States [328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489], *supra*, a conspiracy and substantive offenses were charged. We held that a conspirator could be held guilty of the substantive offense even though he did no more than join the conspiracy, provided that the substantive offense was committed in furtherance of the conspiracy and as a part of it. * * *

 * * * * *

 The rule of that case does service where the conspiracy was one to commit offenses of a character described in the substantive counts. Aiding and abet-

Defendant's argument that secondary evidence of a letter from the defendant demanding a $2500 payment from Fontes was improperly admitted is also without merit. This argument is fully answered in the Memorandum and Order of the district court on defendant's motion for a judgment of acquittal or for a new trial. The district court found that the original of this letter from the defendant to Fontes "had become unavailable otherwise than through the fault of the proponent, the United States, which never had custody or control of the letter," citing Sylvania Electric Products, Inc. v. Flanagan, 352 F.2d 1005 (1st Cir. 1965). Moreover, in the light of our opinion in United States v. O'Connor, 433 F.2d 752 (1st Cir. 1970), cert. denied, 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971), the district court was clearly correct. The court's finding that the prosecutor's argument to the jury on this issue was within the scope of the evidence is fully supported by the record and there was no abuse of discretion. Hale v. United States, 410 F.2d 147, 152 (5th Cir.), cert. denied, 396 U. S. 902, 90 S.Ct. 216, 24 L.Ed.2d 179 (1969).

Relying on Scales v. United States, *supra,* defendant also alleges that it was error to use the word "encouraged" in defining conduct sufficient to find the defendant a member of the conspiracy. When read in the context of the charge as a whole,[2] it is obvious that this was proper. *See* 1 Devitt and Blackmar, *supra,* § 29.05, and the cases cited therein. Furthermore, defendant's reliance on *Scales* is misplaced since in that case the court was addressing itself to "the relationship between the fact of membership and the underlying substantive illegal conduct, in order to determine whether the relationship is indeed too tenuous to permit its use as the basis of . criminal liability." Scales v. United States, *supra* at 226, 81 S.Ct. at 1485. In that case the Court specifically distinguished its analysis of membership in the Communist Party from the "familiar concepts of the law of conspiracy. * * * " Id. at 225, 81 S.Ct. at 1484. Moreover, the Court found that active membership is sufficient *encouragement* to permit the imposition of criminal sanctions. *Id.* at 227–228, 81 S.Ct. 1469.

Finally, defendant contends that it was error to submit alleged overt act number two of the conspiracy count to the jury. As we said in Napolitano v. United States, 340 F.2d 313 (1st Cir. 1965), "the government might have avoided some of the arguments which have been advanced here and below by taking care not to allege marginal acts in the indictment." *Id.* at 314. This is especially true in the instant case where evidence of the attempted smuggling would have been a sufficient overt act to support a conviction of the defendant on the conspiracy count.[3] The overt act "of only a single one of the conspirators" is sufficient. Braverman v. United States, 317 U.S. 49, 53, 63 S.Ct. 99, 101, 87 L. Ed. 23 (1942); McMurray v. United States, 298 F.2d 619 (10th Cir. 1961), cert. denied sub nom. Bryson v. United States, 369 U.S. 860, 82 S.Ct. 950, 8 L. Ed.2d 18 (1962). However, since the conversation between the defendant and

---

ting has a broader application. It makes a defendant a principal when he consciously shares in any criminal act whether or not there is a conspiracy." *Id.* at 618–620, 69 S.Ct. at 769–770.

2. "To participate wilfully and knowingly in a conspiracy means to participate voluntarily and understandingly with the intention of doing something which the law forbids, with the intention of disobeying or disregarding the law.
 "If the defendant with an understanding of the unlawful nature of the plan,

*intentionally encouraged,* advised or assisted in it *for the purpose of furthering the plan or scheme,* he becomes a knowing and willing participant and thereby becomes a conspirator." (Emphasis added.)

3. The contention that the jury in convicting the defendant on the substantive count must have found an attempt to smuggle, which would have been a sufficient overt act to sustain the conspiracy count, was neither briefed nor argued and we express no opinion with respect to it.

the Deputy District Director was an act directed towards obtaining a lawful result by a lawful means and since it was in no way connected to or in furtherance of the conspiracy, it cannot support a conviction for conspiracy. *See* Deacon v. United States, 124 F.2d 352 (1st Cir. 1941). The jury returned a general verdict and since it might have disbelieved alleged overt acts numbered one and three and rested its verdict on alleged overt act numbered two, which is legally insufficient, the conspiracy conviction cannot be upheld. Grunewald v. United States, 353 U.S. 391, 415, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957); Yates v. United States, 354 U.S. 298, 312, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957); Stromberg v. California, 283 U.S. 359, 367–368, 51 S. Ct. 532, 75 L.Ed. 1117 (1931). There is sufficient evidence, however, for the jury to have found the defendant guilty of the substantive count.

 The defendant was given concurrent jail sentences plus a fine on the substantive count. We do not see that the error on the conspiracy count affected the other. Judgment shall be entered vacating the judgment on the conspiracy count, but affirming the judgment on the substantive count.