Brad S. BEIGHTOL, a minor by his guardian, Arlene L. Beightol, Plaintiff,

v.

Joseph KUNOWSKI et al., Defendants.

Civ. No. 72–55.

United States District Court, M. D. Pennsylvania.

April 20, 1972.

Campana & Campana, Williamsport, Pa., for plaintiff.

J. Shane Creamer, Atty. Gen., Curtis J. Pontz, Deputy Atty. Gen., Department of Justice, Harrisburg, Pa., for defendants.

OPINION

MUIR, District Judge.

Before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted the complaint in this civil rights action. Accepting Plaintiff's factual allegations as true for the purpose of this motion, Defendants' motion must be granted because Plaintiff's claim, while novel and not insubstantial, is without legal merit.

Plaintiff alleges that Defendants Gomb, Strosahl and Kunowski are employed by the Pennsylvania State Police. Defendant Pontz is a Deputy Attorney General in the Pennsylvania Department of Justice. On January 24, 1972, Plaintiff was arraigned before an "issuing authority" of Lycoming County, Pennsylvania, on charges brought by Defendant Gomb of use, possession and giving away of hashish. Plaintiff does not here attack the validity of this proceeding. Following arraignment, he was released on bail. On January 31, 1972, while Plaintiff was in the office of the "issuing authority" to attend a preliminary hearing on these charges, Defendant Gomb "seized" Plaintiff and forced him, against his will, to submit to being fingerprinted and photographed. Defendant Gomb was acting at the instance of Defendants Strosahl and Kunowski, who had been instructed by Defendant Pontz to obtain this identifying information. Plaintiff contends that this "seizure" violated his Fourth Amendment[1] rights, as extended to state action by 42 U.S.C. § 1983, and that Defendants should be enjoined from any use of his fingerprints and photograph, should be commanded to return them to him, and should be assessed damages.

It is well settled that the police may cause one who is in custody follow-

---

1. The Fourth Amendment provides that: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

ing an arrest or a formal legal charge to submit to reasonable identification procedures, such as fingerprinting and photographing, without first obtaining a warrant, and that these procedures are reasonable in this context. United States v. D'Amico, 408 F.2d 331, 333 (2d Cir. 1969); United States v. Krapf, 285 F.2d 647, 650 (3d Cir. 1961); United States v. Kelly, 55 F.2d 67 (2d Cir. 1932); United States v. Laub Baking Company, 283 F.Supp. 217, 225 (N.D. Ohio 1968); cf. Davis v. Mississippi, 394 U.S. 721, 727–728, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); United States v. Wade, 388 U.S. 218, 227, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Requiring the procurement of warrants would be meaningless because the administrative need for identification information is always present. "[M]odern law enforcement procedure includes the acquisition, collection, classification and preservation of identification records of those processed through the criminal tribunals of the sovereign." *Krapf,* supra, 285 F.2d at 650. These records are used to ascertain whether such a person is wanted by police elsewhere or is a second offender, to determine his true identity, and to maintain a record of his identifying characteristics in case he flees or is re-arrested. A magistrate would be a mere rubber stamp.

 Here Plaintiff was not technically in custody when his physical characteristics were "seized." Although present in judicial offices for judicial proceedings, he had been admitted to bail. However, in my view the police were not constitutionally required to secure a warrant here prior to fingerprinting and photographing him, just as they would not have been required to do so if he had been in their custody since his arrest. The valid administrative reasons for these procedures did not lose their significance when Plaintiff was released on bail, and these reasons are a sufficient basis for the exception to the warrant requirement.

 It is also my view that the seizure here was reasonable. Plaintiff was present in a judicial office for his preliminary hearing. He was not on his own property. See Coolidge v. New Hampshire, 403 U.S. 443, 474–475, 91 S. Ct. 2022, 29 L.Ed.2d 564 (1971). He was "seized" by the police officer who had pressed charges against him, thus rendering a mistake in identity highly improbable. The identifying procedures were minimally intrusive and justified even if the police did not have evidentiary needs establishing probable cause for the seizure.

Plaintiff's complaint does not demonstrate the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." 42 U.S.C. § 1983. Hence, he has failed to state a claim upon which relief can be granted.

