**UNITED STATES of America**

v.

**Ivan E. JOHNSON, Defendant.**

**No. 72 CR 898.**

United States District Court,
E. D. New York.

Nov. 3, 1972.

Robert A. Morse, U. S. Atty., E. D. N. Y., by Paul B. Bergman, Asst. U. S. Atty., Brooklyn, N. Y., for plaintiff.

William Goffen, New York City, for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Defendant, Ivan E. Johnson, indicted under 18 U.S.C. § 2113(a) for bank rob-bery, is presently awaiting trial, scheduled for November 21, 1972. On October 2, 1972, the government moved to compel defendant to provide the United States Attorney for the Eastern District of New York with a "notice of alibi" in advance of the trial.[1] It requested that such a notice "state (1) whether defendant intends to offer evidence of an alibi in his defense; and if so (2) specific information as to the place at which the defendant claims to have been at the time of the alleged offense; (3) the names and addresses of the witnesses by whom the defendant proposes to establish such alibi; and (4) copies of any document with which the defendant proposes to establish such alibi." After careful consideration of the briefs submitted by both sides and independent research on the question, the court concludes that the government's motion must be denied.

■ The government, in its brief, has abandoned its third request for the names and addresses of defendant's potential alibi witnesses.[2] The breadth of its fourth request for copies of any document with which defendant proposes to establish an alibi brings it into conflict with F.R.Crim.P. 16(c), 18 U.S.C.[3] To the extent that the government seeks documents discovery of which is barred by rule 16(c), its request must fail. Discovery of such documents as is not barred by the rule must be viewed alongside the government's first and second demands.

---

1. The motion also sought to compel defendant to provide additional handwriting samples. The Court directed compliance with this request, and the defendant complied.

2. "The Government . . . is mindful of the fact that a request by the defendant for the names of Government witnesses on its case in chief would be successfully resisted. See e. g., United States v. Kahener, 203 F.Supp. 78, 84 (S.D.N.Y.), aff'd 317 F.2d 459 (2 Cir. 1962), cert. denied, 375 U.S. 836 [, 84 S.Ct. 74, 11 L.Ed.2d 65] (1963). Thus, the Government is prepared to abandon that element of its motion which it is not prepared to reciprocate." (Br., p. 3.)

3. "Except as to scientific or medical reports, this subdivision does not authorize the discovery or inspection of reports, memoranda, or other internal defense documents made by the defendant, or his attorneys or agents in connection with the investigation or defense of the case, or of statements made by the defendant, or by government or defense witnesses, or by prospective government or defense witnesses, to the defendant, his agents or attorneys."

The government essentially relies on one case, Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), to support its motion.[4] Defendant argues that a request for a notice of alibi in a federal prosecution is devoid of statutory or decisional support. He notes that *Williams* did not involve a federal prosecution, and that it upheld the constitutionality of a State statute requiring a notice of alibi in a State prosecution. Yet defendant's conclusion that the absence of a federal statute or federal case law permitting such a request bars the granting of plaintiff's motion does not necessarily follow.

■ ■ There are three sources for authority governing discovery in federal criminal cases: (1) statutes, (2) the Federal Rules of Criminal Procedure, and (3) the inherent judicial power of the federal courts. See Traynor, Ground Lost and Found in Criminal Discovery, 39 N.Y.U.L.Rev. 220, 230-31 (1964). While admittedly no specific authority exists under federal statutes or federal rules, it seems clear that this court could order a notice of alibi under its inherent powers.[5] Cf. Kaufman, Criminal Discovery and Inspection of Defendant's Own Statements in the Federal Courts, 57 Colum.L.Rev. 1112, 1119–21 (1957). But cf. United States v. Murray, 297 F.2d 812, 821–822 n. 7 (2 Cir.), cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962). Nevertheless, even advocates of liberal criminal discovery admit that the federal courts "allow discovery only in isolated cases and even then only when the moving party is able to particularize a need or inter-

est." Traynor, *supra* at 230. And this is especially true, where as here, the moving party is the United States with vast resources at its command. But see Jones v. Superior Court, 58 Cal.2d 56, 22 Cal.Rptr. 879, 372 P.2d 919 (1962). No particular need or aggravated circumstances have been called to the court's attention in this case, and the court sees no compelling justification for granting the discovery requested.

Accordingly, the government's motion is denied.

---

4. The government stated in its brief that "[t]he motion at bar is modeled after the Florida statute upheld in *Williams*."

5. The government seeks to draw support from federal cases permitting the obtaining of fingerprints and handwriting exemplars from the defendant in the absence of a rule or statute, citing In re Reardon, 445 F.2d 798 (1 Cir. 1971);

United States v. Izzi, 427 F.2d 293 (2 Cir.), cert. denied 399 U.S. 928, 90 S.Ct. 2244, 26 L.Ed.2d 794, (1970); United States v. Kelly, 55 F.2d 67 (2 Cir. 1932). These cases are clearly distinguishable as involving the furnishing of readily apparent physical identifications, rather than information related to trial strategy or testimonial evidence.