**Brad S. BEIGHTOL, a minor, by his guardian, Arlene L. Beightol, Appellant,**

v.

**Joseph KUNOWSKI et al., Appellees.**

**No. 72–1619.**

United States Court of Appeals, Third Circuit.

Submitted July 2, 1973.

Resubmitted Sept. 4, 1973.

Decided Sept. 19, 1973.

Ambrose R. Campana, Campana & Campana, Williamsport, Pa., for appellant.

Curtis M. Pontz, Asst. Atty. Gen., Pa. Dept. of Justice, J. Shane Creamer, Atty. Gen., Harrisburg, Pa., for appellee.

Submitted Under Third Circuit Rule 12(6) July 2, 1973 ˙

Before GIBBONS and HUNTER, Circuit Judges.

Resubmitted Under Third Circuit Rule 12(6) Sept. 4, 1973

Before SEITZ, Chief Judge, and GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from an order dismissing a complaint for failure to state a claim upon which relief may be granted. The appellant Beightol, a minor suing by his guardian, in the complaint seeks money damages from defendants Kunowski, Strosahl, Gomb and Pontz, members of the Pennsylvania State Police, for depriving him of civil rights. Jurisdiction is predicated upon 28 U.S.C. § 1343 and 42 U.S.C. § 1983. On January 24, 1972, Beightol was arraigned in Lycoming County, Pennsylvania, on charges of use, possession and giving away hashish. He was released on bail. On January 31, 1972, while he was still free on bail, he appeared at the office of a judicial officer in Lycoming County to attend a preliminary hearing. The complaint alleges that the defendants, acting under color of state law, while he was not in custody, on January 31, 1972, seized him and forced him against his will to submit to fingerprinting and photographing. The district court, 340 F.Supp. 1134, held that these allegations did not demonstrate the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." 42 U.S.C. § 1983. We reverse.

In Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), the Supreme Court held that the seizure of fingerprints was subject to the requirements of the fourth amendment. It held inadmissible fingerprints taken from a defendant without a warrant or

other judicial process. The Court did suggest that a lesser showing of probable cause for detention for fingerprinting might be appropriate when compared with other seizures, since the resulting intrusion is somewhat less. But because fingerprints are indestructible, said the Court:

". . . the limited detention need not come unexpectedly or at an inconvenient time. For this same reason, the general requirement that the authorization of a judicial officer be obtained in advance of detention would seem not to admit of any exception in the fingerprinting context." *Id.* at 727–728, 89 S.Ct. at 1398.

United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973), does not overrule Davis v. Mississippi, *supra.* It explains that while the obtaining of fingerprints does not violate the privilege against self incrimination, and while the issuance of a grand jury subpoena does not under the fourth amendment require a showing of probable cause, the unlawful detention of a person for the purpose of obtaining fingerprints still is prohibited. While neither *Dionisio* or the companion case of United States v. Mara, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973) (voice exemplars), dealt with mug shots, we believe the Court would make essentially the same analysis as with respect to fingerprints and voice exemplars. *See* United States v. Johnson, 147 U.S.App.D.C. 31, 452 F.2d 1363, 1372 & n. 37 (1971).

■ The issue, then, is whether the detention on January 31, 1972, was lawful. To put it another way, the issue is whether the Pennsylvania State Police have the power to arrest a person free on bail, without a warrant, for the sole purpose of obtaining fingerprints and a mug shot. The Pennsylvania State Police have no such powers of arrest. Indeed, the power of police officers to subject persons to fingerprinting is carefully circumscribed. Pa.Stat.Ann. tit. 19, § 1403 authorizes the fingerprinting for identification purposes of persons in custody, and possibly also of persons not in custody who have been charged with a felony. Beightol was neither in custody nor charged with a felony. He was free on bail on misdemeanor charges. Pa.Stat.Ann. tit. 35, § 780–113(b).

The district court, admitting that the complaint alleges a detention of the defendant while he was not in custody, analogized to the taking of fingerprints and photographs of persons in custody following a lawful arrest. *E. g.,* United States v. Krapf, 285 F.2d 647 (3d Cir. 1960); United States v. Laub Baking Co., 283 F.Supp. 217 (N.D.Ohio 1968). But what Beightol complains about is an unlawful arrest. It is one thing to say that a lawful arrest can justify identification procedures. It is quite another to say that the desire to subject a person to identification procedures can justify an otherwise unauthorized arrest. The cases on identification procedures of persons lawfully in custody do not justify the dismissal of the instant complaint unless for purposes of detention one equates bail with custody. To do so would be a distortion of the purpose of the right to bail. That purpose is to secure the defendant's presence at his trial while at the same time affording him freedom from harassment and confinement before he has been proven guilty of the offense charged. *See, e. g.,* United States v. Smith, 444 F.2d 61, 62 (8th Cir. 1971); Smith v. United States, 357 F.2d 486, 490 (5th Cir. 1966). It would be anomalous, indeed, to hold that a person long freed on bail remained subject to the control of the police, subject to warrantless seizure at any time to meet their administrative convenience. *Cf.* Napolitano v. United States, 340 F.2d 313, 314 n. 3 (1st Cir. 1965).

■ The complaint sufficiently charges that acting under color of state law the defendants illegally detained Beightol and forcibly and unlawfully obtained fingerprints and a mug shot. These allegations state a cause of action for damages under 42 U.S.C. § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct.

473, 5 L.Ed.2d 492 (1961). We do .not here consider, however, whether there exist any possible defenses to this claim. *Cf*. Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

The judgment of the district court will be reversed and the case remanded for further proceedings consistent with this opinion.