Brad S. BEIGHTOL, a minor, By his guardian, Arlene L. Beightol, Plaintiff,

v.

Joseph KUNOWSKI et al., Defendants.

Civ. No. 72–55.

United States District Court, M. D. Pennsylvania.

Oct. 8, 1974.

986

Ambrose R. Campana, Williamsport, Pa., for plaintiff.

Andrew Smyser, Dept. of Justice, Harrisburg, Pa., for defendants.

## OPINION

MUIR, District Judge.

The question presented by Defendants' motion to dismiss the Plaintiff's complaint is whether under the Civil Rights law, 42 U.S.C. § 1983, the issue of executive immunity is one for the court or the jury.

The Plaintiff filed a complaint against several officers of the Pennsylvania State Police Force and a deputy attorney general in the Pennsylvania Department of Justice. The complaint alleged that while the Plaintiff was free on bail following a January 24, 1972 arraignment on a narcotics charge he was illegally seized and forced against his will to submit to fingerprinting and photographs. The state policemen listed in the complaint were those who allegedly carried out the illegal conduct, and the deputy attorney general is said to have directed that the police activity be carried out.

By opinion and order of April 20, 1972 this Court granted Defendants' motion to dismiss. The basis of this Court's opinion was that the state police may cause one who is in custody following an arrest or a formal legal charge to submit to reasonable identification procedures such as fingerprinting and photographing, without first obtaining a warrant, and that the procedures followed in this case were reasonable. The U.S. Court of Appeals for the Third Circuit reversed this court. Beightol v. Kunowski, 486 F.2d 293 (3d Cir. 1973). Relying on Davis v. Mississippi, 394 U. S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969) the Third Circuit held that the unlawful detention of a person for the purpose of obtaining fingerprints is prohibited. The Court of Appeals apparently found that seizing Brad Beightol for the purpose of submitting him to fingerprinting and photography seven days after his arraignment violated the Fourth Amendment to the federal Constitution which guarantees that evidence shall not be seized without a warrant.

■ After the remand to this Court by the Circuit Court of Appeals, the Defendants once again moved for a dismissal of the Plaintiff's action pursuant to F.R.Civ.P. 12(b)(6). The Defendants contend that they are protected from suit by the doctrines of executive immunity and good faith in carrying out their duties. F.R.Civ.P. 12(g) provides that if a party makes a motion under "this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted. . . ." A complete examination of the documents in this case reveals to the Court that the immunity and the good faith issues were raised by the Defendants in this Court in their original motion to dismiss the complaint but were not decided because the Court found that the complaint should be dismissed on other grounds. Since the Defendants did not omit a defense available to them at the time of their first motion to dismiss, the Court should not preclude those issues from being argued anew.

■ Under the developing case law it is quite apparent that absent highly unusual circumstances the defenses of executive immunity and good faith should be submitted to the jury. Pierson v. Ray, 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967). Chief Justice Warren stated: ". . . if the jury found that the officers reasonably believed in good faith that the arrest was constitutional, then a verdict for the officers would follow . . . ." Pierson v. Ray, supra. Plaintiff in the case before this Court contends that the Defendants conspired with each other to violate the Plaintiff's constitutional rights. If the jury finds that the Defendants did not conspire to do any illegal act but carried forth their duties in good faith, then it would presumably return a verdict in favor of the Defendants.

■■ In Johnson v. Alldredge, 488 F.2d 820 (3d Cir. 1973), the Court defined the scope of the doctrine of executive immunity, as distinguished from the defense of good faith. Leaving aside for a moment the confusion between the two doctrines, the Third Circuit held that a prison warden who gave routine instructions to a corrections officer was protected against suit. The Court, however, found that the correctional officer was not protected by the doctrine. There was no dispute in the Johnson case as to what the warden had actually done with respect to the Plaintiff, and hence the Court of Appeals was able to rule definitively on his immunity. Brad Beightol, on the other hand, alleges that all the Defendants conspired with each other to do an illegal act. In order to determine whether the Defendants in the instant case exercised a "policy-making or judgmental element" and to decide whether their allegedly wrongful acts were "within the outer perimeter" of their authority, to use the Johnson v. Alldredge executive immunity language, it is necessary to know the role of each Defendant as delineated by the evidence received in the case. For this a jury is necessary. See also Fidtler v. Rundle, 497 F.2d 794 (3d Cir. 1974); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Of course, whether a conspiracy existed at all is a question for the jury as well.

An appropriate order will be entered.