UNITED STATES of America, Plaintiff,

v.

Calvin Paul ST. ONGE, Defendant.

No. CR 87–32–M–CCL.

United States District Court, D. Montana, Missoula Division.

Dec. 31, 1987.

Robert Zimmerman, Asst. U.S. Atty., Billings, for plaintiff.

Edward Cummings, Missoula, for defendant.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Before the court are several pretrial motions filed on behalf of both parties.

Defendant moves for a bill of particulars, alleging that the language of the information is insufficient to apprise him of the conduct with which he is charged. The information alleges that on or about the 25th day of October, 1987, defendant did knowingly take a grizzly bear, in violation of 16 U.S.C. §§ 1538(a)(1)(G), 1540(b)(1), and 15 C.F.R. § 17.40(b)(1)(i). Defendant asserts that his conduct consisted both of accidentally wounding the bear and of subsequently killing it with a shot to the head, and that he cannot determine which of those two actions constitutes the basis for the charge.

In response, the government moves to amend the information. The government contends that it can avoid any possible misunderstanding by the jury or prejudice to defendant by charging defendant with two crimes: first, with attempting to take a grizzly bear, arising out of the wounding incident; and second, with taking a grizzly bear, arising out of the bear's actual demise. Defendant has not filed a response to the government's motion to amend, and therefore is deemed to admit the motion to be well taken. R.P.Dist.Mont. 320–1.

■■ It appears to the court that, although the two proposed charges may more accurately describe the alleged sequence of events, the prosecution of a single course of conduct as multiple offenses may result in other difficulties. The language of the existing information is adequate to apprise the defendant of the offense with which he is charged, and the government is free to use whatever evidence it has in its possession which is properly admissible in its case in chief.

IT IS THEREFORE ORDERED that the defendant's motion for bill of particulars is DENIED and the government's motion to amend the information is DENIED.

Defendant additionally moves for a protective order and contempt citation against certain federal officers based on said officers' alleged illegal restraint of defendant following his arraignment in this matter. Defendant was arraigned on November 20, 1987, without a preliminary hearing, by order of this court. Following the arraignment, the Deputy United States Marshal assigned to Missoula requested defendant to accompany him to his office for processing in accordance with the customary practice of the Marshal Service. Counsel apparently objected to such practice on the ground that the defendant was being taken into custody in contravention of the court's order, and that this in effect constituted an arrest without probable cause. Defendant asserts that because he was not afforded a preliminary examination, the United States could not arrest him or otherwise interfere with his liberty unless by specific order of the court.

The United States responds that defendant was not taken into custody, but that he was merely requested to report to the Marshal's office for processing as required by regulation. As the government points out, it is the customary practice of the Marshal

Service to require every person charged with a federal crime to be "processed" in order to obtain information about the person for future identification in the event he or she might fail to appear as required by the court. The processing generally consists of photographing and fingerprinting the defendant, and of obtaining answers to a series of questions regarding the defendant's residence, employment history, and family relations.

United States Marshals are under the supervision and direction of the Attorney General, United States Department of Justice. 28 U.S.C. §§ 561–569. Their general functions and duties are prescribed by regulation. 28 C.F.R. § 0.111. In addition, federal marshals and their deputies, in executing the laws of the United States within a state, are authorized to exercise the same powers which a sheriff of the state may exercise in executing the laws thereof. 28 U.S.C. § 570. Courts have construed this statute as a supplement, but not a limitation, of authority vested in the United States Marshal Service subject to the direction and supervision of the Attorney General. *United States v. Krapf*, 285 F.2d 647, 650 (3d Cir.1961); *United States v. Riggs*, 474 F.2d 699, 703 n. 2 (2d Cir.), *cert. denied*, 414 U.S. 820, 94 S.Ct. 115, 38 L.Ed.2d 53 (1973); *United States v. Laub Baking Co.*, 283 F.Supp. 217 (N.D. Ohio 1968).

The powers of the marshal are, of course, tempered by constitutional limitations. The Supreme Court has ruled that a person may not be detained and transported to law enforcement facilities for fingerprinting on less than probable cause. *Hayes v. Florida*, 470 U.S. 811, 105 S.Ct. 1643, 84 L.Ed.2d 705 (1985); *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). Such detention violates Fourth Amendment guarantees against unreasonable searches and seizures. *Davis*, 394 U.S. at 727, 89 S.Ct. at 1397. If the individual is already in lawful custody, fingerprints may be taken without a separate court order or finding of probable cause. *Krapf*, 285 F.2d at 651; *Beightol v. Kunowski*, 486 F.2d 293, 294 (3d Cir.1973); *Smith v. United States*, 324 F.2d 879, 882 (D.C.Cir.1963), *cert. denied sub nom.*, *Bowden v. United States*, 377 U.S. 954, 84 S.Ct. 1632, 12 L.Ed.2d 498 (1964); *Napolitano v. United States*, 340 F.2d 313, 314 (1st Cir.1965); *United States v. De Palma*, 414 F.2d 394, 397 (9th Cir. 1969), *cert. denied*, 396 U.S. 1046, 90 S.Ct. 697, 24 L.Ed.2d 690 (1970).

Additionally, under Montana law, a defendant may be fingerprinted if the charge is the commission of a felony, the identification of an accused is in issue, or the court has ordered the procedure. Mont. Code Ann. § 44–5–202(3) (1987). Montana law further provides that an accused may be photographed and fingerprinted "if he has been *arrested* for the commission of a misdemeanor ...". Mont. Code Ann. § 44–5–202(5) (emphasis added).

In this case, defendant is charged with a misdemeanor, and appeared pursuant to a criminal summons. He has not been in the custody of the United States Marshal at any time, and the court has not ordered that he be taken into custody or that he be fingerprinted and photographed. Under Montana law, the sheriff's office or other criminal justice agency would not have the right to fingerprint him. Under *Hayes* and *Davis*, there is no right to detain him solely for the purpose of taking his fingerprints. Therefore, under the limited circumstances presented by this case, the court concludes that the Marshal had no authority to detain the defendant for the purpose of taking his photograph and fingerprints. Where, as here, the charge is a misdemeanor and the defendant is not in custody, the Marshal Service is required to obtain a court order prior to conducting any fingerprinting or photographing.

This does not imply that the defendant may not be questioned at the time of his first court appearance for information relative to his identity, residence, and so forth. United States Marshals, like other law enforcement officers, "have the implied power to do those acts reasonably necessary to carry out the duties imposed upon them and for the due and efficient exercise of the powers expressly granted to them.".

*Laub Baking Co.,* 283 F.Supp. at 222. Inherent in this implied authority is the function of the marshal to attempt to obtain information from an accused to determine his whereabouts in the event of flight. It is the responsibility of the Marshal Service to conduct and investigate fugitive matters involving escaped federal prisoners, and to execute federal arrest warrants. 28 C.F.R. § 0.111(q), (a). The administrative function of obtaining information from a defendant to assist in potential investigation is necessarily implied from such duties. The burden on the defendant is slight when compared to the security interest of the United States in preventing crime and in facilitating identification of persons who have fled the court's jurisdiction.

Accordingly, IT IS ORDERED that defendant's motion for protective order and contempt citation is DENIED. The Marshal Service shall be allowed at the time of defendant's next court appearance to visit with him for the purpose of fulfilling administrative requirements. No fingerprints or photographs shall be taken except by further court order.

The clerk is directed forthwith to notify counsel of entry of this order.