**UNITED STATES of America, Appellee,**

v.

**Jon Hubert KNEEN, Appellant.**

No. 88–2633.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1989.

Decided July 11, 1989.

\* THE HONORABLE JOHN W. PECK, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Royal B. Martin, Chicago, Ill., for appellant.

Joseph S. Beck, Des Moines, Iowa, for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and PECK,\* Senior Circuit Judge.

MAGILL, Circuit Judge.

Appellant Jon Hubert Kneen was convicted in the district court of tax evasion, filing a false partnership tax return, and nine counts of making false statements to the Internal Revenue Service.[1] All of the charges against Kneen stemmed from his alleged attempt in 1981 to claim tax credits for which he was not eligible and then conceal his invalid claims with inauthentic documents. The district court instructed the jury that it could convict Kneen on three separate grounds. The jury returned a general verdict of guilty. On appeal, the government concedes that an element of one of the three grounds for conviction was not supported by substantial evidence.

1. The court sentenced Kneen to one year in prison for tax evasion and imposed fines for various false statement counts. The jury acquitted Kneen of one count: making a false oral statement to the IRS.

Therefore, since the jury may have found Kneen guilty solely on the basis of the unsupported element, we conclude that the verdict must be set aside. We vacate Kneen's conviction and remand for a new trial.

## I.

Kneen was a partner in Al–Jon, Inc. (AJI) and Al–Jon Sales, Co. (AJS) of Ottumwa, Iowa. AJI, which was founded in 1963, manufactured and sold machines that crush scrap metal into bundles for sale and recycling. AJS purchased machines from AJI and then leased them to other companies.[2] In May of 1981, Calvin Wilson of Cole Camp, Missouri bought a recycling machine known as a #400 log baler from AJS. The baler was new; its serial number was 12201. Wilson used it for approximately seven months, but he returned it to AJS when he was unable to keep up with his payment schedule. Kneen had the baler repaired and repainted and then changed its serial number to 12261. Since Wilson had used the baler for no more than 200 hours, Kneen considered it a "new" machine. In December of 1981, Wilson again leased the same baler from AJS. After it was re-leased to Wilson, Kneen indicated in his records (several of which he later provided to the IRS) that the baler (with the serial number changed to 12261) was "new."

At the time, the U.S. Tax Code made some owners of heavy machinery eligible for benefits including:

(1) depreciation;

(2) 10% investment tax credit (ITC); and

(3) 10% business energy credit (BEC).

AJS (as a partnership) and Kneen (as an individual) claimed each of these benefits in 1981 based on the transactions with Wilson involving the baler. The government did not contest the depreciation claims; however, it did challenge Kneen and AJS's ITC and BEC claims.

In order to qualify for the ITC and the BEC, taxpayers were required to satisfy several conditions. For instance, to justify either credit, equipment was required to be designed for recycling. The government conceded in the district court that the baler fit that category. To qualify for an ITC, a taxpayer was required to demonstrate that (1) he had incurred servicing expenses on the equipment exceeding 15% of the net rental income during the first year of the lease of the equipment, and (2) the equipment was not re-leased to a party who had used it previously (a/k/a a "prior user"). The government argued in the district court that Kneen and AJS failed to meet these ITC requirements. In order to qualify for the BEC, a taxpayer was required to demonstrate that the equipment was "new." This issue was also contested by the government.

The jury was instructed concerning three separate grounds for which it could convict Kneen of tax evasion:

1) that Kneen knowingly took business energy tax credit he was not entitled to; or 2) that Kneen knowingly took investment tax credit that he was not entitled to; or 3) that Kneen knowingly took both business energy credit and investment tax credit that he was not entitled to claim.

Appellee's brief at 19.

The jury returned a general verdict of guilty.

## II.

As Kneen's counsel pointed out during oral argument, the government has made a significant concession on appeal. Simply put, it has acknowledged that the evidence it presented to the effect that Kneen knowingly violated the ITC "prior user" rule was insufficient to support a verdict. Counsel for the government explains that there were "two separate reasons" for which the jury could have concluded that

---

**2.** This dual-entity arrangement began in 1980, when AJI's certified public accounting firm informed the two partners that such an arrangement could enable them to claim what the firm referred to as a "20% investment credit" on their tax returns. As we will discuss *infra,* the concept of the "20% credit" was misleading. The tax benefits pointed out by the accounting firm were actually two separate 10% credits.

Kneen unlawfully claimed an ITC (i.e., that he knowingly violated the "prior user" rule or the "15% servicing expenses" rule), and then explicitly admits that:

> The evidence on the prior user rules was not sufficient to support the verdicts. The government relies only on the 15% [rule] to support the verdicts.

Appellee's brief at 25.

This concession by the government casts doubt on the verdict against Kneen because it reveals that the jury may have convicted him solely on the basis of the insufficiently supported "prior user" element.

This court held recently that "[i]t is a fundamental rule that where a jury has been instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, '[the] general verdict must be set aside * * *, because that verdict may have rested exclusively on the insufficient ground.'" *United States v. Slay*, 858 F.2d 1310, 1314–15 (8th Cir.1988) (quoting *Zant v. Stephens*, 462 U.S. 862, 881, 103 S.Ct. 2733, 2745, 77 L.Ed.2d 235 (1983); *Stromberg v. California*, 283 U.S. 359, 367–68, 51 S.Ct. 532, 535, 75 L.Ed. 1117 (1931)).

As we noted earlier, the jury was instructed, *inter alia*, that it could find Kneen guilty if he knowingly claimed an ITC for which he did not qualify. The government now concedes that even though it failed to present sufficient evidence that Kneen attempted to evade his taxes by knowingly violating the prior user rule, the jury may have convicted Kneen because it found that he knowingly violated the prior user rule when he claimed the ITC. Because of these circumstances, Kneen's conviction must be vacated.

In light of *Zant* and *Stromberg*, we hold that since the general verdict returned against Kneen may have rested exclusively on a finding that Kneen claimed an ITC to which he was not entitled by knowingly violating the "prior user" rule, it must be set aside.[3]

For the reasons stated herein, we vacate Kneen's conviction and remand for a new trial.

---

**3.** We recognize that some recent cases have held that departures from the *Zant/Stromberg* rule are sometimes warranted, *see, e.g., Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986) (convictions based on erroneous jury instructions are sustainable without retrial if appellate court finds that the record establishes guilt beyond a reasonable doubt), but we do not believe that a departure is warranted in this case. The extent of Kneen's knowledge of the rules governing the credits he claimed on his 1981 returns remains unclear, so we decline to hold that the record establishes his guilt beyond a reasonable doubt.