UNITED STATES of America, Appellee,

v.

**Jon Hubert KNEEN, Appellant.**

No. 88–2633.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1989.

Decided Nov. 8, 1989.

Royal B. Martin, Chicago, Ill., for appellant.

Joseph S. Beck, Des Moines, Iowa, for appellee.

Before ARNOLD, Circuit Judge, PECK,* Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

Appellant Jon Hubert Kneen was convicted by a jury in the Southern District of Iowa for violating 26 U.S.C. § 7201, tax evasion; 26 U.S.C. § 7206(1), making a false statement on a tax return; and 18 U.S.C. § 1001, making false statements to the Internal Revenue Service (IRS). In 1981, Kneen claimed an Investment Tax Credit (ITC), a Business Energy Credit (BEC), and then falsified documents to conceal these claims.

---

* THE HONORABLE JOHN W. PECK, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Appellant was charged by indictment on March 17, 1988. Count I alleged that Kneen willfully attempted to evade income tax by filing a false and fraudulent joint 1981 U.S. Individual Income Tax Return, Form 1040, in violation of 26 U.S.C. § 7201. The jury was instructed that they must find Kneen guilty if he knew that federal income tax of a substantial amount was due and willfully attempted to evade or defeat payment with the intent to defraud. Count II alleged that Kneen willfully filed a 1981 U.S. Partnership Return of Income, Form 1065, claiming an ITC and a BEC, knowing that he was not entitled to these credits, in violation of 26 U.S.C. § 7206(1). The district judge determined that the false statements made were "material." The jury was instructed to determine knowledge and willfulness, essential elements of the crimes charged. The jury returned a general verdict of guilty on Counts I and II. Counts III through XI charged Kneen with willfully and knowingly falsifying material facts and making false, fictitious and fraudulent oral and written statements to the IRS regarding travel expense reports and back-up invoices. Kneen was convicted on Counts III through X after the district judge found the false statements were material as a matter of law. Kneen was acquitted on Count XI. Kneen was sentenced to one year imprisonment (concurrent sentences for Counts I and II) and assessed $32,000 in fines (Counts III through X). 879 F.2d 345 (8th Cir.1989).

I.

Kneen was a partner in Al–Jon, Inc. (AJI) and Al–Jon Sales, Co. (AJS) of Ottumwa, Iowa. AJI manufactured and sold machines that crush scrap metal into bundles for sale and recycling. AJS purchased machines from AJI and then leased them to other companies.[1]

In May 1981, Calvin Wilson of Cole Camp, Missouri leased a recycling machine known as a # 400 log baler from AJS. The baler was new; its serial number was

---

1. The dual-entity arrangement gave the partners the benefit of two 10% investment tax credits.

12201. Wilson used it for approximately seven months, less than 200 hours, and then returned it to AJS. Kneen had the baler repaired, repainted and changed the serial number to 12261. Kneen considered it a "new" machine. In December 1981, Kneen re-leased the baler to Wilson. Kneen categorized the baler as "new" in his records, which he later provided to the IRS.

At the time, the U.S. Tax Code made certain owners of heavy machinery eligible for benefits including a 10% ITC and a 10% BEC. In order to qualify for an ITC or BEC, taxpayers were required to satisfy several conditions. To qualify for an ITC, a taxpayer was required to demonstrate that (1) he had incurred servicing expenses on the equipment exceeding 15% of the net rental income during the first year of the lease of the equipment ("15% Servicing Expenses" rule), and (2) the equipment was not re-leased to a party who had used it previously ("Prior User" rule). In order to qualify for the BEC, a taxpayer was required to demonstrate that the equipment was "new." AJS and Kneen claimed these benefits in 1981 based on the transactions with Wilson involving the baler. The government challenged these claims, arguing that Kneen and AJS failed to meet the statutory requirements for the credits.

## II.

Kneen contends that the general jury verdict convicting him of tax evasion and making a false statement on a tax return (Counts I and II) could have been based on one or all of three separate grounds. The jury was instructed that it could convict Kneen on Counts I and II if it found that he knowingly took (1) a BEC, or (2) an ITC, or (3) both a BEC and an ITC, to which he was not entitled. Appellee's Brief at 19. The Tax Code provided that a taxpayer who violated the "Prior User" rule would not be entitled to an ITC. On appeal, appellee conceded that substantial evidence of a violation of the "Prior User" rule did not exist. Appellee's Brief at 25. Since such a

violation was a potential basis for concluding that the taxpayer was not entitled to an ITC, the jury could have based its finding of tax evasion and making a false statement on a tax return on insufficient evidence. Since the general verdict, finding Kneen had violated § 7201 and § 7206(1), could have been based on an erroneous determination that Kneen took an ITC or an ITC and a BEC to which he was not entitled, because the finding of non-compliance with the "Prior User" rule was unsupported by substantial evidence, the judgment cannot be sustained.

We held recently that "[i]t is a fundamental rule that where a jury has been instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, '[the] general verdict must be set aside ..., because that verdict may have rested exclusively on the insufficient ground.'" *United States v. Slay*, 858 F.2d 1310, 1315 (8th Cir.1988) (quoting *Zant v. Stephens*, 462 U.S. 862, 881, 103 S.Ct. 2733, 2745, 77 L.Ed.2d 235 (1983), and *Stromberg v. California*, 283 U.S. 359, 367–68, 51 S.Ct. 532, 535, 75 L.Ed. 1117 (1931)).

The jury was instructed, *inter alia,* that it could find Kneen guilty of tax evasion and filing fraudulent returns (Counts I and II), if he knowingly claimed an ITC for which he did not qualify due to non-compliance with either the "15% Servicing Expense" or "Prior User" rule. The government failed to present sufficient evidence that Kneen attempted to evade his taxes by knowingly failing to comply with the "Prior User" rule. The jury may have convicted Kneen because it found that he knowingly failed to comply with the "Prior User" rule and took an ITC or both an ITC and a BEC to which he was not entitled. We hold that since the general verdict returned against Kneen may have rested exclusively on a finding based on insufficient evidence that Kneen claimed an ITC or an ITC and a BEC to which he was not entitled, it must be set aside.[2] Kneen's convictions on

---

**2.** Recent cases have held that departures from the *Zant/Stromberg* rule are sometimes warranted, but we do not believe that a departure is warranted in this case. Kneen's knowledge of

Counts I and II must be vacated and remanded for a new trial.

## III.

Kneen was charged in Counts III through XI with knowingly and willfully making materially false statements regarding travel expense reports and back-up invoices in violation of 18 U.S.C. § 1001. The district court properly found that the statements were "material" as a matter of law.[3] The jury returned a verdict of guilty on Counts III through X.

Kneen contends that the trial court's determination of materiality as a matter of law infringed upon his right to a jury trial and deprived him of due process. We have consistently held that the materiality of a statement is a question of law to be determined by the trial judge. *United States v. Hartness*, 845 F.2d 158, 161 n. 4 (8th Cir.) (an 18 U.S.C. § 1001 case), *cert. denied*, — U.S. —, 109 S.Ct. 308, 102 L.Ed.2d 326 (1988); *United States v. Holecek*, 739 F.2d 331 (8th Cir.) (a 26 U.S.C. § 7206 case), *cert. denied*, 469 U.S. 1218, 105 S.Ct. 1200, 84 L.Ed.2d 343 (1984). The district court's decision to remove the issue of materiality from consideration by the jury was proper.

The jury was not asked to consider the "Prior User" rule which was conceded to be unsupported by substantial evidence. The verdict on Counts III through X could not have rested on insufficient grounds. Therefore, Kneen's convictions on these counts should be affirmed.

For the reasons stated herein, we vacate and remand for a new trial Kneen's convictions on Counts I and II and affirm the convictions on Counts III through X.

---

the rules governing the credits he claimed on his 1981 returns is insufficient to establish guilt beyond a reasonable doubt. *See Ross v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

3. Though the district court properly determined materiality as a matter of law, consistent with the majority federal rule, Kneen's conviction on Count II, for violating 26 U.S.C. § 7206, must be vacated in light of the tainted jury verdict.