980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gabriel Carl BARBER, Defendant-Appellant.
 No. 92-3407.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1992.
 
 1
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Gabriel Carl Barber appeals his judgment of conviction for armed bank robbery and his sentence of 222 months imprisonment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Barber was charged with armed bank robbery and unlawful use of a firearm in relation to a crime of violence. Barber filed a motion to suppress, alleging that he had been improperly seized in violation of the Fourth Amendment. The district court denied Barber's motion to suppress.
 
 
 4
 The case proceeded to trial and the jury returned a verdict of guilty on the charge of armed bank robbery and not guilty on the charge of unlawful use of a firearm in relation to a crime of violence. Following his conviction, Barber filed a motion for acquittal alleging that: 1) he was seized in violation of the Fourth Amendment; 2) his conviction was invalid because the jury had returned inconsistent verdicts; and 3) insufficient evidence supported his conviction. Barber also filed a pro se pleading which the district court construed as a supplement to the motion for acquittal, alleging that he had received ineffective assistance of counsel. The district court determined that Barber's motion was untimely and that the court was without jurisdiction to consider the issues. The court nonetheless noted that it concluded that the three original grounds raised in Barber's motion were without merit; the court declined to consider the merits of Barber's ineffective assistance claim.
 
 
 5
 The district court subsequently sentenced Barber to 222 months imprisonment. In doing so, the court departed upwards from the guideline range, because the court concluded that Barber's criminal history category underrepresented both the seriousness of his criminal history and the likelihood of recidivism.
 
 
 6
 Barber has filed a timely appeal from this judgment of conviction and sentence. On appeal, Barber's counsel has filed a motion to withdraw and an Anders brief, arguing that: 1) the district court improperly concluded it was without jurisdiction to consider Barber's untimely motion for new trial; 2) the district court improperly departed upwards from the guideline range in sentencing Barber; and 3) Barber received ineffective assistance of counsel. Barber has not responded to his counsel's motion to withdraw.
 
 
 7
 Initially, we note that the district court properly concluded that it lacked jurisdiction to consider Barber's motion for judgment of acquittal. Since Barber's motion was untimely filed, the district court properly denied the motion. United States v. DiBernardo, 880 F.2d 1216, 1223 (11th Cir.1989); United States v. Endicott, 869 F.2d 452, 457 (9th Cir.1989); United States v. Miller, 869 F.2d 1418, 1420-21 (10th Cir.1989). However, we also conclude that we have jurisdiction to consider these issues on direct appeal. Although Barber's counsel does not raise these issues in his Anders brief, we will consider their merits in an abundance of caution to Barber's rights.
 
 
 8
 We conclude that Barber's Fourth Amendment rights were not violated for the reasons set forth in the district court's order denying Barber's motion to suppress filed on October 17, 1991. Sufficient evidence also exists to support Barber's conviction. A rational finder of fact could accept the evidence as establishing each essential element of the crime. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). Even if we accept Barber's arguments that the jury reached inconsistent verdicts, the judgment of conviction is still sound. A jury may announce logically inconsistent verdicts in a criminal case and the reviewing court should let the verdicts stand. United States v. Clemmer, 918 F.2d 570, 573 (6th Cir.1990). The district court also properly departed upward from the guidelines in sentencing Barber. The circumstances relied upon by the district court in departing from the guidelines are sufficiently unusual to warrant departure, it is undisputed that the circumstances actually exist in this case, and the district court's degree of departure was reasonable. United States v. Osborne, 948 F.2d 210, 213 (6th Cir.1991); United States v. Feinman, 930 F.2d 495, 501-02 (6th Cir.1991).
 
 
 9
 Lastly, Barber argues that he received ineffective assistance of counsel. Although Barber raised this issue before the district court, the court did not address the issue because it construed the pleading as being part of the untimely motion for acquittal. As the record is not adequate to assess the merits of Barber's allegations, we decline to address this issue on direct appeal. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). This claim may be raised in a post-conviction proceeding under 28 U.S.C. § 2255, so that the parties can develop an adequate record on the issue. Id.
 
 
 10
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation