23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Raymond ALLEN, Defendant-Appellant.
 No. 93-3319.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1994.
 
 Before: NELSON, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction on charges that the defendant distributed cocaine base (crack cocaine) on two occasions in 1992, in violation of 21 U.S.C. Sec. 841(a)(1). The sole issue is whether the evidence was sufficient to support the jury's verdict. Concluding that the evidence was more than sufficient, we shall affirm the conviction.
 
 I.
 
 2
 In March of 1992 Detective Ron Moss, of the Columbus, Ohio, Police Department, received a tip from an informant that crack cocaine was being sold from a certain apartment. On March 12, 1992, acting undercover, Detective Moss went to the apartment with the informant to try to buy some crack. They were let in by the defendant, Raymond Allen.
 
 
 3
 After negotiating a drug deal with Allen in the kitchen, Detective Moss gave Allen $40 for two unit doses of crack cocaine. Mr. Allen went into an adjoining room and returned with the "rocks." Detective Moss complained about their size, whereupon Mr. Allen withdrew and discussed the matter with two other individuals. Looking into the room where this conversation was taking place, Detective Moss saw a man and woman (later identified as David Reeves and Robin Jackson) handling the rocks. Mr. Allen warned him to get back in the kitchen and stay there. Detective Moss ultimately left the house with the crack cocaine.
 
 
 4
 Moss obtained a search warrant for the apartment the next day, but decided to try making another purchase of crack before executing the warrant. Approaching the apartment house that night, Detective Moss encountered a woman on the front steps who told him that he would not be able to buy any crack there. The detective told her that he had bought some the night before. She then knocked at the door, and defendant Allen answered. Upon seeing Detective Moss, he waved him inside.
 
 
 5
 As Mr. Allen escorted him into the kitchen, Detective Moss saw a man--later identified as Paris Reed--who kept a gun trained on him. During the negotiation of the sale, Detective Moss told the defendant that he thought he had been given short measure the night before. Mr. Allen agreed and told the detective that he would "make it right" this time. Detective Moss then gave Allen $20 for a single dose of crack, whereupon Allen went into the living room and returned with the drugs.
 
 
 6
 Ten minutes after Detective Moss left, he and several other officers executed the search warrant. Raymond Allen, Paris Reed, and David Reeves were all in the apartment. The officers recovered 34 pieces of crack cocaine, several crack pipes, a plate containing three single-edge razor blades used for cutting cocaine, and a loaded .45 Colt revolver. One of the officers also found a beeper, allegedly Paris Reed's, but the detective could not remember where it was found and could not identify Paris Reed at the time of trial. The officers recovered $777.14 in currency from the apartment, but the government did not seek to attribute any specific portion of that money to any particular defendant at trial because the funds had become commingled. Although Detective Moss recorded the serial numbers of the bills he had passed to the group, and one of the pre-recorded bills was identified at the time of the raid, the bills were not saved as evidence. Detective Moss misplaced the scrap of paper on which he had recorded the serial numbers.
 
 
 7
 Raymond Allen and Paris Reed were charged in a single indictment and were tried together. Count one of the indictment charged Mr. Allen with distribution of cocaine base on March 12, 1992, in violation of 21 U.S.C. Sec. 841(a)(1). Both defendants were charged in count two with distribution of cocaine base on March 13, 1992, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Count three charged both defendants with use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c) and 18 U.S.C. Sec. 2. The jury found Mr. Allen guilty of the two drug distribution offenses, but it acquitted him on the gun charge. Mr. Reed was acquitted on both of the counts in which he was named. Mr. Allen's motions for acquittal having been denied at the close of the government's case and the close of the evidence, Allen now appeals his conviction.
 
 II.
 
 8
 In Jackson v. Virginia, 443 U.S. 307, 319 (1979), the United States Supreme Court held that "the relevant question [where sufficiency of the evidence is at issue] is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." We do not weigh the evidence or determine issues of witness credibility, since these are the responsibilities of the trier of fact. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Schultz, 855 F.2d 1217, 1221 (6th Cir.1988).
 
 
 9
 Viewing the evidence against Mr. Allen in the light most favorable to the government, we are satisfied that the evidence was quite sufficient to justify the jury's verdict. Detective Moss testified that he purchased crack cocaine from Mr. Allen on the two occasions in question. On each occasion, if Detective Moss' testimony is believed, Mr. Allen opened the door to the apartment, "approved" the detective as a purchaser, negotiated the price, took the detective's money, and personally produced the crack cocaine. Any rational juror could obviously have found the defendant guilty on this evidence.
 
 
 10
 Mr. Allen suggests that his conviction and Paris Reed's acquittal are inconsistent, and that the verdict against him must have been based on the fact that he, unlike Mr. Reed, chose not to testify on his own behalf. We are in no position to speculate on the jury's thought processes, however, and even if there were an inconsistency in the verdicts, it would not justify us in setting aside the verdict against Mr. Allen. As we noted in United States v. Clemmer, 918 F.2d 570, 573 (6th Cir.1990), "the Supreme Court has repeatedly held that a jury may announce logically inconsistent verdicts in a criminal case." Cf. Neal v. Morris, 972 F.2d 675, 679 (6th Cir.1992) (acquittal of co-defendant did not mandate disregard of testimony pointing to defendant's guilt).
 
 
 11
 AFFIRMED.