53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gary UNDERWOOD, Defendant-Appellant.
 No. 94-5897.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1995.
 
 Before: MILBURN and NELSON, Circuit Judges, and JOINER, District Judge.[1]
 PER CURIAM.
 
 
 1
 This is an appeal from a conviction in a cocaine case. The defendant, Gary Underwood, maintained that he had agreed to purchase two grams of cocaine--for personal use--from his co-defendant. The co-defendant testified that the agreed-upon quantity was two kilograms. The sale was never consummated. A jury could easily have inferred that Underwood was set up by his co-defendant and only intended to buy two grams (an amount suitable for personal use) and not two kilograms (an amount strongly indicative of intent to distribute).
 
 
 2
 The jury did, in fact, acquit Mr. Underwood of a charge of conspiracy to possess cocaine with intent to distribute it, finding him guilty of the lesser included offense of conspiracy to possess cocaine. But the second count of the indictment charged the defendants with aiding and abetting each other in attempting to possess cocaine with intent to distribute it, and the jury found Mr. Underwood guilty of this charge.
 
 
 3
 On appeal, Mr. Underwood does not challenge the simple possession conviction. He says that he never intended to distribute cocaine, however, and at every proper stage of his prosecution he has argued that there was insufficient evidence to sustain a conviction on the charge of attempt to distribute.
 
 
 4
 "In a criminal case the standard of review for claims of insufficient evidence is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). "The government must be given the benefit of all inferences which can reasonably be drawn from the evidence," and "[i]t is not necessary that the evidence exclude every reasonable hypothesis except that of guilt." U.S. v. Adamo, 742 F.2d 927, 932 (6th Cir.1984) (internal citations omitted), cert. denied, 469 U.S. 1193 (1985). Under this very deferential standard, the defendant's attempt conviction must be affirmed.
 
 
 5
 The district court instructed the jury that "to convict a person of 'attempt' to commit a drug offense, the government must establish two essential elements: (1) the intent to engage in the proscribed criminal activity, and (2) the commission of an overt act which constitutes a substantial step towards commission of the proscribed criminal activity." This was a proper instruction. U.S. v. Pennyman, 889 F.2d 104, 106 (6th Cir.1989).
 
 
 6
 As for the first element, Mr. Underwood argues that his acquittal on the charge of conspiring to possess cocaine with intent to distribute it necessarily implies that the jury concluded he lacked the requisite criminal intent to distribute the drug. The jury's verdicts are not necessarily inconsistent, however, and even if there were an inconsistency it would not justify intervention by the courts. See U.S. v. Powell, 469 U.S. 57 (1984); Dunn v. U.S., 284 U.S. 390 (1932); U.S. v. Clemmer, 918 F.2d 570, 573 (6th Cir.1990); U.S. v. Silva, 846 F.2d 352, 357-58 (6th Cir.), cert. denied 488 U.S. 941 (1988).
 
 
 7
 Although the evidence of Mr. Underwood's subjective intent to distribute cocaine is weaker here than in the typical drug case, a rational jury could have concluded that the requisite intent existed. By his own admission, Mr. Underwood went out to a deserted area in the middle of the night to pick up cocaine from a man he said he had only met twice before. The jury could well have concluded that this conduct satisfied the "substantial step" element of the attempt charge, and the jurors were free to believe that Mr. Underwood took this step because he intended to pick up two kilograms of cocaine, as the co-defendant testified. If the projected quantity was indeed two kilograms, it would be eminently reasonable to infer an intent to distribute. The quantity issue turns on credibility determinations as to which we are in no position to second-guess the jury.
 
 
 8
 Because there is sufficient evidence to sustain the defendant's attempt conviction on the strength of his own conduct, we need not determine whether the evidence would also suffice to convict the defendant of aiding and abetting his co-defendant's attempt to possess cocaine with intent to distribute it. Cf. U.S. v. Ledezma, 26 F.3d 636 (6th Cir.), cert. denied 115 S.Ct. 349 (1994). Either form of attempt suffices to sustain the defendant's conviction on Count II. The district court did not err in declining to direct a verdict in Mr. Underwood's favor, or in denying his Fed.R.Civ.P. 29 motion for an acquittal notwithstanding the verdict. Neither did the district judge "clearly and manifestly" abuse his discretion in rejecting Mr. Underwood's Fed.R.Civ.P. 33 motion for a new trial. See U.S. v. L.E. Cooke Co., Inc., 991 F.2d 336, 343 (6th Cir.1993); U.S. v. Ashworth, 836 F.2d 260, 266 (6th Cir.1988).
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation